15 - 1 1 8 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERT SAUNDERS a/k/a/ Shamsidin Ali :

   Plaintiff,                   :

                                :

       v.                    :

                                  :

GOVERNOR JACK MARKELL, COMMISSIONER :
ROBERT COUPE, DEPARTMENT OF CORRECT- :
IONS, CONNECTION CORRETIONAL HEALTH- :
CARE SERVICES, DR. VINCENT CARR, :
MICHAEL KNIGHT, DR. WILLIAM LYNCH, :
DR. LAURIE SPRAGA, WARDEN DAVID :
PIERCE, CHRISTOPHER SENATO, ROXANNA :
KINLOCK, and TWO PHARMACIST (NAMES :
UNKNOWN), :

                                  :

   Defendants.                 :

15 - 1 1 8 4

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

"Imminent Danger Case"



FILED

DEC 2 1 2015

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### COMPLAINT

### I. JURISDICTION & VENUE

1. This is a civil action auhorized, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1334 (a)(3). Plaintiff seeks declatatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the federal Rules of Civil Procedure.

### II. PLAINTIFF

2. Plaintiff Robert Saunders a/k/a/ Shamsidin Ali, is and was at all times mentioned hereing a prisoner of the State of Delaware in hthe custody of the Delaware Department of Corrections. He is currently confined in James T. Vaughn Correctional Center Smyrna, DE 19977

3. The United States District Court is an appropriate venue under 28 U.S.C. Section 1391(b)*2) because it is where the events

giving rise to this complaint.

### III. DEFENDANTS

4.   Defendant Jack Martell is the Governor of the State of Delaware and the chief executive of the the state government.  He is sued herein in his official capacity.  As governor he is obligated under state law to supervise the official conduct of all executive and ministerail officers and to see that all offices are filed and their duties lawfully performed.  Gov. Markell has control over the monies alloczted to the Delaware Department of Corrections by submiitting a budget and by exercision his authority to appoint and remove the subordinate defendants named herein. Defendant Markell retain the ultimate state authority over the care and treatment of the plaintiff.  On two prior occassions when the plaintiff filed application for commutation of sentence, which Board of Pardons recommended, that plaintiff has numerous serious medical problems, and the department and their medical providers not addressing.

5.   Defendant Robert Coupe is Commissioner of Department of Corrections ("D)C") as such, he is legal custodian of all inmates sentence by the courts of Delaware, and responsible for safe, secure, and human housing of plaintiff at all times relevant hereto, has acted under color of state law.  Defendant Coupe is sued in personal ca½acity for these constitutional violations he has committed under color of law.

6.   Defendant Delaware Department of Corrections operate the correctional facalities that subject of the claims agaist for violations of the American with Disabilities Act.

2

7. Defendant connection Correctional Healthcare Services is medical provider for inmaes under the custody/control of Delawqare Department of Corrections. The aforemention resulting contract between State of Delaware and Department of Corrections.

8. Defendant Vincent Carr is Medical Director for Department of Corrections, responsible for medical decision within Department of Corrections and their contracted medical providers. He is sued in his personal capacity.

9. Defendant Michael Knight, is Food Service Administrator for Department of Corrections, responsible for the order all food withing the system. He is sued in his personal capacity.

10. Defendant Richard Lynch is Medical Director at the James T. Vaughn Correctional Center, responsible for medical care inmates receive at the James T. Vaughn Correctional Center, Smyrna, DE. He is sued in his personal capacity.

11. Defendant Laurie Spraga, is Medical Director for Connections Correctional Healthcare Services, responsible for medical services provided Department of Correctional via contractual agreement. The duties consist mointoring medical services for each of the Department of Corrections facilities.

12. Defendant David Pierce, is Warden, James T. Vaughn Correct- ional Center, as such is legal custodian of inmate sentence by the courts of Delaware, as is responsible for safe, secure, and human housing those inmates and is sued in personal capacity.

13. Defendant Christopher Senato, is Kitchen Director at the James T. Vaughn Correctional Center, as is responsible for meals served inmates, kitchen manangement, adhereing to the serving

3

properly prepared meal, training of staff, inmates and the over-
seeing food items for kitchen.

14.   Roxanna Kinlock, Physician Assisant, employed by
Connections Correctional Healthcare Services and responsibel for
providing medical service at the James T. Vaughn Correctional
Center.   She is sue in her personal capacity.

15.   Defendant Jane Doe #1 is the Pharmacist at James T. Vaughn
Correctional Center, and is an employee of Connections Correctional
Hearthcare Service, responsible ordering medications for inmates,
advising side-effects of medications too inmates, mointoring there
medications for reordering, and educating inmates with diabetes
the care and control of their medications. Sued in individual capacity.

16.   Defendant Jane Doe #2 is the Pharmacist at James T. Vaughn
Correctional Center, and is an employee of Connections Correctional
Healthcare Service, responsible order medications for inmate,
advising side-effect of medication to inmates, mointoring there
medications for reorderding, and educating inmates with diabetes
the care and control of their their mediations.   Sued in individual
capacity.

IV FACTS

17.   An ultrasound in 2007, confirmed by Ct Scan in November
2007, that revealed the plaintiff has, benign, left renal cyst.
Plaintiff was seen by an outside urologist in December 2007.   The
specialist recommended follow-up wiht imaging studies, which done
on one occassion and revealed 2% loss in kidney function.   The
plaintiff's kidney function not monitored nor periodical review by
outside specialist.

4

18.   As result failure follow-up wiht specialist consultations, plaintiff informed by Dr. shustin, Nephologist on November 4, 2015 based on medical information contained in medical file loss 35% kidney function in stage 3 kidney disorder the next stage could be dialysis.  Dr. Dhustin removed plaintiff from two medications (metformin and lisinopril) which defendant Kinlock prescribed.  He stated both of aforemention taken in conjunction with many blood pressure medication currently taking very detrimental too plaintiff.

19.   Doctor's Yasle, and Miller both nephrologist wrote numerous consultation for plaintiff be seen by either urologist or endrocrinologist, defendants Carr, Lynch, Spraga and Kinlock each ignored inspite the nephrologist streeting importance of same.  The doctors stressed to me diabetic kidney disease get worst much faster when you have both diabetes and hypertension as in plaintiff's case.  They believed kidney damaged when protein leaked into urine.  Eventually the damages can become so severe, cause kidney failure, dialysis or trans- plant needed.  None of the mdeical defendants monitoring A-1-C test, dilated eyes, plaintiff has catracts/glauroma (both eyes), foot exams or lipid profile.  Defendants' Carr, Lynch, and Spraga refuse approved needed spinal surgery ordered by Dr. dinbar Alcindor, Neuro- surgeon at Bayhealth Medical Cen ter-Dover were plaintiff taken on October 7, 2014 as result massive tectal bleeding.  The Plaintiff house at Bayhealth Medical Center five daus, were MIR revealed how severe disease in spine advance since first detected in L-5 and S-1 areas of spince.  Dr. alcindor, stated had problem been addressed when first detected, wouldn't advance too current level.

5

20. Defendants, Carr, Lynch and Sprage have attempted utilize physical thepary in  place of surgery, which much cheaper than operation which Dr. Alcindor stated a waste of time.  Upon appearing before Board of Parole and Pardons (2011 and 2014) for commutation recommen dation, both time unanimously recommended by both, only have defendant Markell state "denied due totality of circumstance".  This defendant never had medical presented investigated as to either truth or seriousness.  The conditions were preseted for compassionate release to preven plaintiff possible dying in facility.  Defendant Markell, fully aware letter from plaintiff and his family focusing on medical issues and not being addressed by either medical defendants or correctional defendants.

21. On January 25, 2011 defendant Markell advised of problems with medical services at this facility.  On May 5, 2015 plaintiff met with defendant Lynch who conveyed Dr. Alcindor recommended physical therapy, when in fact Dr. Alcindor previously stated would never correct problems.

22. The plaintiff met with  Roxann Kinlock, Physican Assistant, who conveyed I'd not be receiving spincal surgery recommended by Dr. Alcindor, stated age (75) and sentence (Life without parole) major factors in denial.  The plaintiff has been in constant/severe pain since November 2014  Have been provided wheelchair for traveling long distants and walker to use as needed.

23. The plaintiff utilize two buildings (B-Building Library) and (L-Building Law Library/Computer Lab) which tolitest and other areas not handicap accessable mainly toilets.  Each of the defendnats aware of aforemention by plaintiff via grievance process and letters.

6

24. The plaintiff has constantly been without blood parssure and other medication which attached will confirm. On or about November 25, 2015 plaintiff called to medication line and inform placed on finger-stick and 10 unit of Lafus insulin. None of the defendant ever advise plaintiff being placed on aforemention nor reason for same. He's never been advise need diet change, education concerning illness. Since commencing finger-sticks, lowest reading 90 and highest 150.

25. The plaintiff not placed on diet to address disbetes issue, required eat current alleged heart-health food available, which mainly high in soy.

26. The plaintiff who is consuming more than 25 grams per day of soy protein is at risk for suffering some or all of the following health effects;

  a. Thyroid disroders, most often manifesting as hypothyroidism or the autommune thyroid disease Hashimoto's thyroiditis. Symptoms can include fatigues, lethargy and deparession.

  b. Digestive distress, including pancreatitis and gastrointestinal disorders such as irritable bowel syndrome or colitis. Acute and chronic symptoms would include painful framping, ongoing or intermittent diarrhea. alternating constipation and diarrhea, flatulence and other sympotoms.

  c. Immune syatem breakdown, leading to frequest colds and flu as well as increased risk for autoimmune disorders, cancers and othe chronci conditions.

  d. Soy allergies of either the immediated hypersemsitivity of delayed reastion type. Immediate hypersensitivity reactions are acute allergic reaction, including coughing, sneezing, runny nose, hives. diarrhea, facial swelling, shortness of breath, swollen ton gue, difficulty swallowing, lowered blood pressure, excessive persipiration, fainting and anaphylastic shock

7

27.  Plaintiff has had to eat soy food provided by Department since about 2011.

28.  Plaintiff has complained of personal and bodily injury to the Defendats as a result of having to consume the prison food that is high in soy.  Prior to the in troduction of soy into the diet, Plaintiff had no complaints associated with a high soy intake.

29.  The personal injuries that Plaintiff has ncomplained of and that require serious medical attention included, but are not limited to, shrotness of breath, fatigues, severe constipation nad/or diarrhea, rashes and heart issues.

30.  From at least mid-2011 to the present, the State and Department of correctins have served in the James T. Vaughn Correctional Center that average 15 serving of soy per day, food that Plaintiff had to consume since mid 2011.

31.  Plaintiff has requested from the State individual and Defendants eihter an alternative diet or medical treatment for all medical conditions realted to access soy consumption.

32.  The Plaintiff chronic kidney disease - an insidious illness that manifest with asymptomic reductin  in the estimated glomerular filtratio rate (eGFR) to less than 60 ml per minute per 1.73 m of body-surface area, excessive urinary extretion or protein.  The next stage for Plaintiff's condition will require dialysis or kidney transplantation for survival or succumb to related cardiovascular complications, even while taking antihypertensive agents and medication to lower blood glucose leves.  The plaintiff's kidney disease has shorten survival, reduce the quality of lfe amd constitutes a "death sentence".

8

## V.  EXHAUSTION OF LEGAL REMEDIES

33.  Plaintiff utilized grievane/appeal process on all issues raised in complaint. There were letter written Defendants. Markell, medical contractors regarding denial medical treatment.  On numerous occassion defendants contacted by various family members, and friends to address medical issues.

## VI. LEGAL CLAIMS

34.  The deliberate indifference to needed operation, denial urologist consult, tho requested on minimum four occassion by Nephologist, failure comply wiht American with Disabilitie Act regarding access to Band L Building toilets, and serious problem holding pen, and denial purchase typewriter or word processor, violated Plaintiff's rights and constituted cruel and unusal punishmen under the Eighth and Fourteenth Amendment to the Delaware nad United States Consitution.

35.  The plaintiff has been and will continue to be irreparably injured by the conduct of the defendats unless this Court grant the declaratory and injunctive relief which Plaintiff seeks.

35.  Courts usually agree that an inmate can show a serious medical need if the "failure to treat plaintiff's condition could result in forther significant injury the "unnecessary and wanton infliction of pain".

## VII PRAYER FOR RELIEF

WHEREFORE , plaintiff respectfuky prays that this Court enter judgment granting plaintiff:

36.  A declaration that the acts and omissions described herein violated Plaintiff's righs un hthe Constitution and laws of the United States.

9

37.  A preliminary and permanent injunction ordering defendants provide needed kidney treatment and operation on spine, and bathrooms in B and L Building be incompliance with American with Disabilities Act.

38.  Punitive damages in the amount of $75,000 against each defendant.

39.  A Jury trial on all issues triable by jury.

40.  Certify as class action litigation and appointment of counsel.

41.  Plaintiff's cost in this suit.

42.  any additional relief this Court deem just an, proper and equitable.

DATED:  December 15, 2015

### VERFICATION

I have read hte foregoing complaint and hereby cerify that the matters alleged on information and belief, and as to those, I believe them to be true, I certify under penality of perjury that the foregoing is true and correct.

Shamsidin Ali, 052590
a/k/a/ Robert Saunders

10



T2

# STATE OF DELAWARE
# DEPARTMENT OF CORRECTION
# BUREAU OF CORRECTIONAL HEALTHCARE SERVICES

### NOTIFICATION TO PATIENT
### OF LABORATORY TEST RESULTS

32

**DATE:** 11/13/15

**NAME:** Douglas, Robert          **SBI No.** 052590

**LAB DATE:** 11/29/15          **X-RAY DATE:** _____

## YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is basically within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged and will be reviewed with you at your next Chronic Care Appointment.

☑ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test result is not within normal limits. Further studies are required and you will be notified when a follow up appt is scheduled for you. You will receive further information on this study at a later date.

## PHYSICIAN REMARKS:

_____

_____

_____

_____

_____

_____

_____          _____
PHYSICIAN OR PROVIDER SIGNATURE          DATE & TIME

## *CONFIDENTIAL*

PLACE THIS SLIP IN THE MEDICAL REQUEST BOX OR DESIGNATED AREA



MEDICAL USE ONLY (RECEIVED STAMP)

OCT 14 REC'D

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF CORRECTIONAL HEALTHCARE SERVICES**

32

**SICK CALL FORM**

(CIRCLE ONE)   ⟨MEDICAL⟩   MENTAL HEALTH   DENTAL

PRINT NAME: _Robert Saunders_   DATE OF REQUEST: _Oct 13, 15_

SBI NO.: _052590_   DATE OF BIRTH: _12/84/39_   HOUSING LOCATION: _J-2_

PROBLEM OR REQUEST: _Out of Omeprazole (Prilosec)_
_Five (5) days_

▸I AGREE TO BE TREATED BY HEALTH STAFF FOR THE PROBLEM ABOVE.

SIGNATURE: _Robert Saunder_

**DO NOT WRITE BELOW THIS AREA – MEDICAL USE ONLY**

**Triaged by:** *(Initial & Date)* _AW 10 15 LF_   TIME: _1.05_
**Triaged to** (circle):   NSC   Mid-level/Physician SC   MH   Dental   Administrative
                          ☐ ROUTINE                      ☐ URGENT

**HEALTH CARE DOCUMENTATION**

SUBJECTIVE: _____

OBJECTIVE:   BP _____  T _____  P _____  R _____  Wt. _____

PHYSICAL ASSESSMENT: _____

ASSESSMENT (NURSING DIAGNOSIS): _____

PLAN: _refer to pharmacy_

☐ Inmate education handout reviewed with and given to the patient.
**REFER TO** (circle):  Mid-level/Physician   MH   Dental   Other: _____

SIGNATURE & TITLE: _____   DATE: _10/15/15_  TIME: _1.05_

Form #: DOC MED-63-E

**PLACE THIS SLIP IN THE MEDICAL REQUEST BOX OR DESIGNATED AREA**



MEDICAL USE ONLY (RECEIVED STAMP)

AUG 25 REC'D

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF CORRECTIONAL HEALTHCARE SERVICES**

**SICK CALL FORM**

32

**(CIRCLE ONE)**      **MEDICAL**      **MENTAL HEALTH**      **DENTAL**

**PRINT NAME:** Robert Saunders      **DATE OF REQUEST:** August 21, 2015

**ısı NO.:** 052590      **DATE OF BIRTH:** 12/02/39      **HOUSING LOCATION:** T-2

**PROBLEM OR REQUEST:** Specific reason receiving each of following
medication: Losartan, Omeprazole, Amiodipine, Metformin, HCTZ,
Isosoride, Matoprolol and Tamsulosin.

I AGREE TO BE TREATED BY HEALTH STAFF FOR THE PROBLEM ABOVE.

**SIGNATURE:**

**DO NOT WRITE BELOW THIS AREA – MEDICAL USE ONLY**

**Triaged by:** *(Initial & Date)*      **TIME:** _____
**Triaged to** (circle):      NSC      Mid-level/Physician SC      MH      Dental      Administrative
□ ROUTINE      □ URGENT

**HEALTH CARE DOCUMENTATION**

**SUBJECTIVE:** _____

**OBJECTIVE:   BP** _____   **T** _____   **P** _____   **R** _____   **Wt.** _____

**PHYSICAL ASSESSMENT:** _____

**ASSESSMENT (NURSING DIAGNOSIS):** _____

**PLAN:** pharmacy

□ Inmate education handout reviewed with and given to the patient.
**REFER TO** (circle): Mid-level/Physician      MH      Dental      Other: _____

**SIGNATURE & TITLE:** m/Coll      **DATE:** 8/20/15   **TIME:** 04/5

Form #: DOC MED-63-E

*CONFIDENTIAL*

**PLACE THIS SLIP IN THE MEDICAL REQUEST BOX OR DESIGNATED AREA**

MEDICAL USE ONLY (RECEIVED STAMP)

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF CORRECTIONAL HEALTHCARE SERVICES**

**SICK CALL FORM**

(CIRCLE ONE)   ⟨MEDICAL⟩   MENTAL HEALTH   DENTAL

PRINT NAME: _Robert Saunders_   DATE OF REQUEST: _05/21/15_

SBI NO.: _05259_   DATE OF BIRTH: _12-02/37_   HOUSING LOCATION: _I-2_

PROBLEM OR REQUEST: _Have been out of Norvasc/Lasartz_
_medications, over 26 3 weeks. These important blood pressure_
_medications._

_____

_____

I AGREE TO BE TREATED BY HEALTH STAFF FOR THE PROBLEM ABOVE.

SIGNATURE: _Robert Saunders_

**DO NOT WRITE BELOW THIS AREA – MEDICAL USE ONLY**

Triaged by: *(Initial & Date)* _MR_   _5/22/15_   TIME: _0149_

Triaged to (circle):   NSC   Mid-level/Physician SC   MH   Dental   Administrative

□ ROUTINE   □ URGENT

**HEALTH CARE DOCUMENTATION**

SUBJECTIVE: _____

_____

OBJECTIVE:   BP _____   T _____   P _____   R _____   Wt. _____

_____

PHYSICAL ASSESSMENT: _____

_____

ASSESSMENT (NURSING DIAGNOSIS): _____

_____

PLAN: _medication was renewed yesterday_

□ Inmate education handout reviewed with and given to the patient

REFER TO (circle): Mid-level/Physician   MH   Dental   Other: _____

SIGNATURE & TITLE: _Patricia Bolling_   _r_   DATE: _5/22/15_   TIME: _0150_

Form #: DOC MED-63-E

PLACE THIS SLIP IN THE MEDICAL REQUEST BOX OR DESIGNATED AREA



MEDICAL USE ONLY (RECEIVED STAMP)

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF CORRECTIONAL HEALTHCARE SERVICES**

SICK CALL FORM

(CIRCLE ONE)    MEDICAL    MENTAL HEALTH    DENTAL

PRINT NAME: Robert Saunders Med 2    DATE OF REQUEST: 05/12/25

SBI No.: 052598    DATE OF BIRTH: 12/02/39    HOUSING LOCATION: I-2

PROBLEM OR REQUEST: Inform Nursing 0.5 (blood pressure) medication Need re-order. This medication absent over 7 days

I AGREE TO BE TREATED BY HEALTH STAFF FOR THE PROBLEM ABOVE.

SIGNATURE: _____

**DO NOT WRITE BELOW THIS AREA – MEDICAL USE ONLY**

Triaged by: (Initial & Date) PmR 5/13/15    TIME: 0001
Triaged to (circle):    NSC    Mid-level/Physician SC    MH    Dental    Administrative
☑ ROUTINE    ☐ URGENT

**HEALTH CARE DOCUMENTATION**

SUBJECTIVE: _____

OBJECTIVE:    BP _____ T _____ P _____ R _____ Wt. _____

PHYSICAL ASSESSMENT: _____

ASSESSMENT (NURSING DIAGNOSIS): _____

PLAN: Referred to pharmacy
☐ Inmate education handout reviewed with and given to the patient.
REFER TO (circle): Mid-level/Physician    MH    Dental    Other: _____

SIGNATURE & TITLE: Patricia M. Rollins, r    DATE: 5/13/15    TIME: 0001

Form #: DOC MED-63-E

PLACE THIS SLIP IN THE MEDICAL REQUEST BOX OR DESIGNATED AREA



MEDICAL USE ONLY (RECEIVED STAMP)

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF CORRECTIONAL HEALTHCARE SERVICES**

SICK FORM

**(CIRCLE ONE)** ( MEDICAL )  ENTAL HEALTH  DENTAL

**PRINT NAME:** Robert Saunders   **DATE OF REQUEST:** March 15, 2015

**SBI NO.:** 052590  **DATE OF BIRTH:** 12/02/39  **HOUSING LOCATION:** T-2

**PROBLEM OR REQUEST:** Haven went over 15 days minus blood pressure
medication ( Metoprolol Tart (Lopressor 100 mg.) The evening medication
nurse state medication never re-ordered. there never has been mointoring
blood pressure, to determine if there negative effect not having the
aforemention medication.

I AGREE TO BE TREATED BY HEALTH STAFF FOR THE PROBLEM ABOVE.

**SIGNATURE:**

**DO NOT WRITE BELOW THIS AREA – MEDICAL USE ONLY**

**Triaged by:** *(Initial & Date)* _____  TIME: _____
**Triaged to** (circle):  NSC  Mid-level/Physician SC  MH  Dental  Administrative
 □ ROUTINE  □ URGENT

**HEALTH CARE DOCUMENTATION**

**SUBJECTIVE:** _____

**OBJECTIVE:**  BP _____ T _____ P _____ R _____ Wt. _____

**PHYSICAL ASSESSMENT:** _____

**ASSESSMENT (NURSING DIAGNOSIS):** _____

**PLAN:** *You are on blood pressure meds, just not Lopressor*

□ Inmate education handout reviewed with and given to the patient.
**REFER TO** (circle): Mid-level/Physician  MH  Dental  Other: _____
**SIGNATURE & TITLE:** _____  **DATE:** 3/16/15  **TIME:** 2410

Form #: DOC MED-63-E

TO:     Warden David Pierce - J.T.V.C.C.

FROM:   I/M Robert Saunders, 052590 - T2

DATE:   November 7, 2014

RE:     **LETTER OF COMPLEMEN**T ( **LT. V. DOWING & C/O J. CANNON**)

        To often inmates have little positive comments regarding
correctional staff.  I attest this not always the case, and
have positive regarding above-entitled staff.  Upon becoming
severely ill on October 7, 2014, resulting in severe bleeding.
Instead being unsure as medical  personal to address problem,
Lt. Dowing and C/O Cannon perform their duties in professional
and confident manner.

        There recognition seriousneed my condition showed in
their compassion and care.  Both officers should be recognized
for their professional conduct and compassion they constantly
have for inmates, in their care and for the deceny and integrity
shown in executing their duties.  Their conduct in addressing
issues pertinent to my emergency possibly saved my life as re-
sult abount of blood lost.

RS:ds

xc:  Robert Coupe, Commissioner - DOC
     Bruce Burton, Captain - JTVCC
     V. Duning, Lieutentant - JTVCC
     J. Cannon, Correctional Officer - JTVCC