## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ROBERT SAUNDERS                     )
a/k/a Shamsidin Ali,                )
                                    )
             Plaintiff,             )
                                    )
      v.                            ) Civ. Action No. 15-1184-GMS
                                    )
DEPARTMENT OF CORRECTION,           )
et al.,                             )
                                    )
             Defendants.            )

### MEMORANDUM

The plaintiff, Robert Saunders, a/k/a Shamsidin Ali ("Saunders"), an inmate at the James

T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983[1] and the Americans with Disabilities Act, 42 U.S.C. § 12131.  (D.I. 3.)  Saunders

appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.  (D.I. 6.)  Pending are several motions filed by Saunders including requests for counsel

(D.I. 12, 22), motions to certify as a class action (D.I. 14, 23), motion for leave to file an

amended complaint (D.I. 19), a request for entry of default (D.I. 20), and a motion for injunctive

relief (D.I. 25).

## I.    BACKGROUND

Saunders raises medical needs claims and claims under the Americans with Disabilities

Act ("ADA").  On May 16, 2016, the court screened Saunders' complaint and dismissed the

claims against Michael Knight, Jack Markell, David Pierce, Christopher Senato, Connections

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Correctional Healthcare Service ("Connections"), and Robert Coupe ("Coupe"). (*See* D.I. 9, 10.)
Saunders was allowed to proceed against the defendants Dr. Vincent Carr ("Dr. Carr"), William
Lynch ("Lynch"), Dr. Laurie Spraga ("Dr. Spraga"), and Roxanne Kinlock ("Kinlock") on the
kidney and cervical spine surgery medical needs claims under 42 U.S.C. § 1983 and the ADA
claim against the Delaware Department of Correction ("DOC"). (*See id.*) He was also given
leave to amend his claims against Connections Correctional Healthcare Services on or before
June 16, 2016. (*See* D.I. 10.) When Saunders failed to file an amended complaint, an order was
entered for the United States Marshals Service ("USMS") to effect service upon Dr. Carr, Lynch,
Dr. Spraga, Kinlock, and the DOC. Saunders filed the motions referenced above subsequent to
entry of the service order.

## II.    MOTIONS

### A.    Request for Counsel

Saunders requests counsel on the grounds that he is unable to afford counsel, the issues
are complex, he suffers from serious medical problems, expert testimony is required, there is a
jury demand, discovery will require the depositions of a number of witnesses, and Saunders is
requesting class certification. (D.I. 12, 22.) Although a plaintiff does not have a constitutional or
statutory right to an attorney,[2] a district court may seek legal representation by counsel for a
plaintiff who demonstrates "special circumstances indicating the likelihood of substantial
prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such

---

[2]*See Mallard v. United States District Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)
(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney
to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron v.
Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Saunders' motion, the court concludes that the case is not so factually or legally complex that requesting an attorney to represent Saunders is warranted. Saunders' filings in this case demonstrate his ability to articulate his claims and represent himself. In addition, he is a frequent litigator and has much experience in this court. Finally, as discussed below, the court will deny Saunders' motion for class certification. Thus, in these circumstances, the court will deny without prejudice to renew the requests for counsel. (D.I. 12, 22.)

### B.    Motion for Class Certification

Saunders moves for class certification on the grounds that the issue of class certification has a direct bearing on the issues raised in the complaint. (D.I. 14, 23.) Saunders recites the elements necessary for class certification and concludes that he has met the requirements for class certification pursuant to Fed. R. Civ. P. 23.

3

A party seeking class certification bears the burden of proving that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183-84 (3d Cir. 2001).

> To maintain a class action under Federal Rule of Civil Procedure 23, a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable" (numerosity); that "there are questions of law or fact common to the class" (commonality); that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and that "the representative parties will fairly and adequately protect the interests of the class" (adequacy). See Fed. R. Civ. P. 23(a). Second, the plaintiff must show that the class action falls within one of the three types enumerated in Rule 23(b) . . . .

*Gayle v. Warden Monmouth Cnty. Corr. Inst.*, ___ F.3d ___, 2016 WL 5219877, at *8 (3d Cir. Sept. 22, 2016). "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 & n.5 (3d Cir. 2008), as amended (Jan. 16, 2009) (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168. 182 (2001); Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement," but the United States Court of Appeals for the Third Circuit ("Third Circuit") generally has approved classes of forty or more. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989). The complaint contains one plaintiff. Saunders's motion states in a conclusory manner that a class of over 100 satisfies the numerosity requirement, without identifying potential class members. The

complaint, however, makes no reference to the number of putative class members. Based upon the foregoing, the court finds that Saunders has failed to satisfy the numerosity requirement.

With regard to typicality and commonality, Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiffs demonstrate a personal interest or "threat of injury . . . [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Given the allegations, it does not appear that other incarcerated individuals will share at least one claim and utilize the same theory. Notably, the complaint is fact specific as to Saunders' medical conditions, treatment, and disability.

As to the fourth prong, the court notes that Saunders is an incarcerated individual and he appears *pro se*. "[P]*ro se* litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action)). Saunders may not represent other plaintiffs or proceed as the class representative and, as discussed above, the court will deny his request for counsel. Inasmuch as Saunders proceeds *pro se*, the court finds that class certification is inappropriate. *See Hagan*, 570 F.3d at 159 (noting that it was inappropriate for the district court to deny class certification on the basis of inadequate representation without first deciding the plaintiff's motion to appoint counsel as the district court had deferred any consideration of the plaintiff's motion to appoint counsel).

5

For the above reasons, the court finds that the requirements of Fed. R. Civ. Rule 23 have not been and, therefore, will deny Saunders' motions for class certification. (D.I. 14, 23.)

### C.      Motion to Amend

Saunders moves to amend to add claims against Connections and Coupe. (D.I. 19.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The court will grant the motion to amend. (D.I. 19.)

### D.      Request for Default

Saunders seeks entry of default against the DOC and Dr. Carr. (D.I. 20.) A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). The docket reflects that both defendants have appeared. (*See* D.I. 21, 28.) Therefore, the court will deny the request for entry of default.

### E.      Motion for Injunctive Relief

Saunders recently filed a motion for injunctive relief seeking necessary medical treatment. (D.I. 25.) Because not all defendants have been served, the court will order only DOC medical director Dr. Carr to respond to the motion.

6

### F.    Service

On June 7, 2016, the court entered an order for service upon medical defendants

William/Richard Lynch ("Lynch"), Laurie Spraga ("Spraga"), and Roxanne Kinlock ("Kinlock").

(*See* D.I. 13.)  Service packets were sent to USMS on June 16, 2016.  Neither Lynch, Spraga, nor

Kinlock returned the waiver of service form.  (D.I. 16, 17, 18.)  Saunders recently provided

different addresses for Spraga and Lynch.  The court will enter an order for service by summons

upon these defendants and, upon personal service, will order them to show good cause for their

failure to waive service.

### III.    CONCLUSION

For the above reasons, the court will:  (1) deny the requests for counsel without prejudice

to renew (D.I. 12, 22); (2) deny the motions for class certification (D.I. 14, 23); (3) grant the

motion for leave to amend (D.I. 19); (4) deny the request for entry of default (D.I. 20); (5) enter

an order to respond to the plaintiff's motion for injunctive relief; and (6) enter an order for

personal service upon the medical defendants who failed to return the waiver of service of

summons.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Dec 2_, 2016
Wilmington, Delaware

7