IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTION,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 15-1184-GMS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington, this 6th day of Jan, 2017, having considered the plaintiff's motion for a temporary restraining order and preliminary injunction (D.I. 25);

IT IS ORDERED that the motion (D.I. 25) is **denied**, for the reasons that follow:

The plaintiff, Robert Saunders ("Saunders"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On October 13, 2016, Saunders filed a declaration in support of a motion for a temporary restraining order and preliminary injunction, construed by the court as a motion. (D.I. 25.) Therein, he seeks necessary medical treatment. Saunders states that medical personnel have written consultations for him to see specialists, but that the medical providers have refused to send him to outside the medical consultants. The court ordered Delaware Department of Correction ("DOC") medical director Dr. Vincent Carr ("Dr. Carr") to respond to the motion. (D.I. 34.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Dr. Carr opposes the motion and provides his declaration wherein he states that he reviewed Saunders' electronic health record. He states that the records indicate that: (1) with regard to his kidney condition the records do not raise a concern that an outside consultation was required; (2) Saunders is scheduled to see a urologist in January 2017; (3) the medical records do not support Saunders' position regarding his back condition, and Saunders underwent a neurosurgical consultation on December 8, 2016; (4) Saunders receives treatment and medication for his diabetes, kidney insufficiency, and blood pressure; (5) Saunders has been seen by an on-site nephrologist; (6) Saunders was seen by a podiatrist in February 2016; (7) the records do not indicate a reoccurrence of diverticulitis for which he was treated in October 2014; and (8) the soy diet provided Saunders is recommended for individuals who have diabetes with kidney disease. (D.I. 36, ex.) Saunders responds that: (1) Dr. Carr never confirmed his medical issues and attempted to deny him access to his medical records; (2) he was told by a physician's assistant that the spinal surgery would not be approved based upon his age and sentence; (3) the medical

records show that he has not yet received a neurosurgeon or ophthalmologist consultation; (4) he has yet to receive his orthopaedic shoes and brace; and (5) he has shown that he will likely succeed on the merits.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record currently before the court, the court finds that Saunders has not demonstrated the likelihood of success on the merits. Documentation indicates that he has received, and continues to receive, care for his various medical conditions. Inasmuch as Saunders has failed to show the likelihood of success on the merits, the court will deny the motion for injunctive relief.

_____
UNITED STATES DISTRICT JUDGE

3