IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT SAUNDERS )
a/k/a Shamsidin Ali, )
)
Plaintiff, )
)
v. ) Civ. Action No. 15-1184-GMS
)
DEPARTMENT OF CORRECTION, )
et al., )
)
Defendants. )

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Robert Saunders ("Saunders"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On September 12, 2017, Saunders filed a motion for a preliminary injunction and temporary restraining order with supporting memorandum. (D.I. 62, 63.) Therein, he seeks a regular weekly schedule to use the law library and the regular use of a typewriter. The defendants oppose. (D.I. 64.) Also before the court are Saunders' requests for default as to Roxanne Kinlock ("Kinlock"), William Lynch ("Lynch"), and Laurie Spraga ("Spraga") ("medical defendants"). (D.I. 55, 56, 57.) The medical defendants oppose. (D.I. 59.)

### II. INJUNCTIVE RELIEF

A prison hostage situation that resulted in the death of a correctional officer and injuries to other officers and inmates occurred in February 2017 at the VCC. Saunders states that prior to February 1, 2017, the VCC had a weekly schedule that allowed him to visit the law library twice a week. Following the hostage incident, the VCC instituted a policy that allows inmates law

library access only if there is a scheduling deadline. In addition, Saunders was allowed to use a typewriter in the prison law library. He asks the court to enter an order directing the defendants to return to the law library schedule in place before the hostage incident and for the purchase of a typewriter for use in Saunders' housing unit.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Meaningful access to the courts is the touchstone, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. To prove a denial of meaningful access to the courts, Saunders must demonstrate (1) "actual injury,' such as the loss or rejection of a legal claim"; and (2) that the lost or rejected legal claim is not frivolous. *Saunders v. Philadelphia. Dist. Attorney's Office*, 546 F. App'x 68, 72 (3d Cir. 2013) (unpublished) (quoting *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997).

2

Here, Saunders is provided law library access, albeit not to the extend allowed before the prison hostage situation. In addition, he has failed to demonstrate actual injury as a result of the change in the law library schedule. In addition, there is no constitutional right to have access to a typewriter while in prison. *See Jacobs v. District Attorney's Office*, 2013 WL 3773419 (M.D. Pa. July 17, 2013) (citing *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1983). Should Saunders need additional time to comply with court deadlines due to the current prison law library schedule and the lack of the use of a typewriter, he has the option of seeking seek additional time from the court. Given the record currently before the court, the court finds that Saunders has not demonstrated that he will suffer irreparable harm or there is a likelihood of success on the merits. Therefore, the court will deny the motion for injunctive relief. (D.I. 62.)

### III. REQUEST FOR DEFAULT

On July 17, 2017, Saunders filed requests for default as to Kinlock, Lynch, and Spraga. (D.I. 55, 56, 57.) The medical defendants oppose. (D.I. 59.) As they properly note, the docket entries incorrectly indicate that Kinlock and Spraga have been served. Kinlock, Lynch, and Spraga have not been served. The court will direct correction of the court docket. Therefore, the court will deny the requests for default. (D.I. 55, 56, 57.)

### IV. CONCLUSION

For the above reasons, the court will: (1) deny the plaintiff's motion for injunctive relief (D.I. 62); and (2) deny the plaintiff's requests for default (D.I. 55, 56, 57).

An appropriate order will be entered.

_____, 2017
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE