**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali, | )<br>)<br>) | |
| Plaintiff, | ) | C.A. No. 15-1184 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTION,<br>, *et al.*, | )<br>) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DEPARTMENT OF CORRECTION AND VINCENT F. CARR'S
RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER COMPELLING
DISCOVERY AND REQUEST FOR ADMISSIONS**

Defendants Department of Correction ("DOC") and Vincent F. Carr, through undersigned counsel, hereby respond to Plaintiff's Motion for an Order Compelling Discovery (D.I. 74) and Request for Admissions (D.I. 75).

**BACKGROUND**

1. Plaintiff is serving a life sentence for murder at James T. Vaughn Correctional Center ("JTVCC"). This action alleges deficient medical care for a number of medical conditions, primarily focusing on claims that he was not taken to specialists to evaluate his kidney function and has not received surgery for his spine disease. (D.I. 9; *see also* D.I. 54 for a more complete summary of Saunders' medical allegations). This action is one of many filed by Plaintiff.[1]

---

[1] The Court recognized that Saunders has filed a lawsuit (one of many) against many of the same defendants raising medical needs leading up to the events alleged in this case. That complaint was dismissed as frivolous and the dismissal was affirmed by the Third Circuit Court of Appeals. (*See* D.I. 9, note 6) (citing decisions)). Saunders has a lengthy litigation history and has been precluded from filing *in forma pauperis*. As of 2010, Saunders had filed 25 actions in federal court and 22

2. On September 9, 2016 and November 2, 2016, Carr and DOC answered the Complaint, respectively. (D.I. 21, 28).

3. On October 13, 2016, Saunders filed a motion for injunctive relief claiming, among other things, that Connections was refusing to follow through with various consultations with medical personnel. (D.I. 25). Carr responded to the motion on December 15, 2016. (D.I. 36). The Court denied the motion on January 6, 2017. (D.I. 39). The Court noted that a prisoner does not have a right to a specific form of medical treatment so long as the treatment is reasonable. (D.I. 39 at 3). The Court held that Saunders failed to demonstrate that he is likely to succeed on the merits of his claims. (*Id.*).

5. Plaintiff served numerous requests for written discovery and Defendants provided substantive, timely responses. (D.I. 26, 29, 35, 41). Plaintiff filed baseless motions to compel with respect to Defendants' responses. (D.I. 40, 44). Defendants responded (D.I. 43, 47), and the Court denied the motions. (D.I. 51).

6. On June 27, 2017, Defendants filed a motion for summary judgment. (D.I. 54). On September 6, 2017, Plaintiff filed a request for more time to object to the summary judgment motion after the response deadline (D.I. 61). Defendants filed a request for entry of judgment due to Plaintiff's failure to respond to the motion for summary judgment on September 20, 2017 (D.I. 64)[2]. Plaintiff's request for an extension was granted and he filed a response to the Defendants'

---

appeals of those actions, and he had filed five cases in state court. *See Saunders v. Danberg*, 2010 WL 2859140, at *1 (Del. Ch. July 15, 2010). The docket in this case shows that Saunders has filed four more federal actions since 2010. In the Chancery action, then Vice Chancellor Strine denied IFP status to Saunders for filing a "false affidavit" regarding his prior actions. That case, like this one, involved not only claims of alleged deficient medical care at JTVCC, but particularly claims that he was not taken to specialists. *Id.*

[2] D.I. 64 is Defendant's Combined (1) Response of DOC and Vincent F. Carr, D.O., FACP to Plaintiff's Second Motion for Preliminary Injunction and (2) Request for Entry of Judgment Due to Plaintiff's Failure to Respond to Motion for Summary Judgment.

motion for summary judgment on October 5, 2017 (D.I. 66). Defendants replied to Plaintiff's Response to the Motion and Plaintiff in turn filed a supplemental response (D.I. 67 and 68 respectively).

7. Before filing his response to Defendant's motion for summary judgment, Plaintiff continued to file other documents, including a second request for a preliminary injunction supported by a three-page brief. (D.I. 62, 63). The second request for a preliminary injunction sought that Defendants develop a law library schedule and provide Plaintiff with a typewriter. The Defendants opposed the request (D.I. 64). The Court's October 25, 2017 Order (D.I. 71) denied Plaintiff's second request for preliminary injunction and noted that Plaintiff "has not demonstrated that he will suffer irreparable harm or there is a likelihood of success on the merits".[3] (See Memorandum, D.I. 70 at 3).

8. In addition to the numerous requests for written discovery and the baseless motions to compel discussed above in paragraph 5, Plaintiff has recently filed a Motion for an Order Compelling Discovery (D.I. 74) ("Motion"), and a request for admissions directed at Defendant Dr. Carr (D.I. 75). Plaintiff's Motion, filed January 10, 2018, requests the Court to compel Defendants to produce documents for which he "submitted a written request…, pursuant to Rule 34 of the Federal Rules of Civil Procedure on October 24, 2017." According to the November 3, 2016 Scheduling Order (D.I. 30), "All discovery will be initiated so that it will be completed on or before May 3, 2017." The Plaintiff's Motion refers to a request for documents made well after the ordered date for when discovery must be complete.[4]

---

[3] The Order also denied Plaintiff's requests for default filed July 17, 2017 (D.I. 55, 56, and 57).
[4] The docket reflects that Plaintiff filed a request for production of documents on October 23, 2017 (D.I. 69), not October 24, 2017 as stated in Plaintiff's Motion.

9.      Plaintiff's request for admissions directed at Defendant Dr. Carr (D.I. 75) was filed by Plaintiff on January 11, 2018.  As with Plaintiff's written request for the production of documents referred to in his Motion, Plaintiff's most recent request for admissions is also outside the discovery deadline outlined by the Scheduling Order.  "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  Due to Plaintiff's untimely filing outside of the ordered discovery time period, Defendants do not intend to respond to Plaintiff's most recent discovery requests.

**WHEREFORE**, Defendants Dr. Carr and Department of Correction respectfully request that the Court deny the Motion and grant other relief that may be just and proper.

|  | **STATE OF DELAWARE**<br>**DEPARTMENT OF JUSTICE** |
|---|---|
|  | /s/ Joseph C. Handlon<br>Joseph C. Handlon (#3952)<br>Deputy Attorney General<br>Department of Justice<br>Carvel State Bldg., 6th Fl.<br>820 N. French Street<br>Wilmington, DE  19801<br>(302) 577-8400 |
| Dated: January 22, 2018 | *Attorney for Vincent F. Carr, D.O., FACP and Department of Correction* |

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 22, 2018, he caused a true and correct copy of the attached to be filed with the Clerk of the Court using CM/ECF.  A hard copy of the attached was sent to the following individual via First Class Mail on the same date:

Shamsidin Ali a/k/a Robert Saunders
SBI #052590
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Joseph C. Handlon
Joseph C. Handlon (#3952)