IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 15-1184-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington, this 30th day of April, 2018, having considered the plaintiff's motions to compel and motion for preliminary injunction and temporary restraining order (D.I. 74, 80, 88);

IT IS ORDERED that the motions (D.I. 74, 80, 88) are **denied**, for the reasons that follow:

1. **Introduction.** The plaintiff, Robert Saunders a/k/a Shamsidin Ali ("Saunders"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Saunders has filed two motions to compel and a motion for injunctive relief. (D.I. 74, 80, 88) The defendants oppose the motions.

2. **Motions to Compel.** The court entered a scheduling order on November 3, 2016, setting a deadline for discovery to be initiated so that it would be completed on or before May 3, 2017. (D.I. 30.) Saunders sought discovery from the defendants after the expiration of

1

the discovery deadline and, when there was no response, filed motions to compel. (D.I. 74, 88.) The defendants oppose on the grounds that the requests are untimely. (D.I. 76, 86.) In response, Saunders contends that the motion should not be denied because the discovery deadline is June 28, 2018, in one of his other pending cases. (*See* D.I. 87, referring to *Ali v. Coupe*, Civ. No. 15-1089-GMS.)

3. The motions to compel will be denied. The discovery deadline in this case was never extended and, after the expiration of the May 3, 2017 discovery deadline, Saunders sought discovery in October 2017, and January, February, March, and April 2018, well after the expiration of the discovery deadline. (*See* D.I. 69, 75, 77, 78, 79, 85.) The discovery deadline in Saunders' other case, Civ. No. 15-1089-GMS, has no applicability to the instant case.

4. **Motion for Injunctive Relief.** Saunders seeks an order halting the defendants' interference with his access to a wheelchair. (D.I. 80.) In support of his motion, Saunders provides a memorandum that states on February 15, 2018, he received approval for the assignment of a wheelchair for long distance traveling. (D.I. 81 at 4.) The approval expires on February 15, 2019. Medical staff indicate that Saunders has access to a wheelchair for long distance only per physician. (*Id.* at 9.) The defendants oppose the motion on the grounds that Saunders does not indicate who has interfered with the use of the wheelchair and Saunders has failed to demonstrate irreparable harm and the likelihood of success on the merits of his claim. (D.I. 86.)

5. A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the

public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances,'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

6. Nothing in the record suggests that Saunders has been denied the use of a wheelchair for long distance travel. Given the exhibits he submitted in support of his motion, the court finds that Saunders has not demonstrated irreparable harm or the likelihood of success on the merits. Therefore, the court will deny the motion for injunctive relief.

_____
UNITED STATES DISTRICT JUDGE