IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civ. Action No. 15-1184-CFC |
| DEPARTMENT OF CORRECTION,<br>et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Robert Saunders a/k/a Shamsidin Ali ("Plaintiff"), a prisoner housed at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. Pending are several motions filed by Plaintiff including a third request for counsel (D.I. 90), two motions to compel (D.I. 95, 98), and a motion for a revised scheduling order (D.I. 98).

1. **Class Action Allegations.** Plaintiff has filed a document titled "Class Action Allegations." (D.I. 89). Plaintiff's previous motions seeking class certification were denied on December 2, 2016. (*See* D.I. 33, 34) The filing seeks no relief and, therefore, it is not clear if Plaintiff again seeks class certification, if the allegations are intended to persuade the Court to reconsider its previous denial of class certification, or if Plaintiff is merely briefing the issue. The Court takes no action on the filing but notes that, given the Complaint's allegations, class certification is not appropriate.

1

2. **Request for Counsel.** Plaintiff appears *pro se* and has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has previously been denied counsel. (D.I. 34) Plaintiff seeks counsel on the grounds that he is unable to afford counsel, he has attempted to secure counsel, the case involves investigations and obtaining depositions, and records are required that are not available to him based upon his inmate status. (D.I. 90) Plaintiff also indicates that he has serious medical issues which result in pain and discomfort. (*Id.*)

3. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

4. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

5. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date. Further, nothing has changed since the Court last denied Plaintiff's requests for counsel. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 90) Should the need for counsel arise later, one can be sought at that time.

6. **Motions to Compel.** The Court entered a scheduling order on November 3, 2016, setting a deadline for discovery to be initiated so that it would be completed on or before May 3, 2017. (D.I. 30) All deadlines have passed, although Plaintiff recently filed a motion to extend all deadlines by twenty-one days, discussed below. (D.I. 98)

7. Plaintiff moves for an order compelling Defendant Department of Correction ("DOC") to respond to his first set of interrogatories. (D.I. 94) This is Plaintiff's second motion to compel responses to the same interrogatories. (See D.I. 44) On January 26, 2017, Plaintiff sought to compel Defendants to answer

interrogatories 4, 5, 8, 11, 13, 14, 16-23, and 26-28. (See D.I. 44) The motion was denied. (See D.I. 51) In the instant motion, Plaintiff again seeks responses to the DOC's answers to many of same interrogatories raised in the January 26, 2017 motion. In addition, he moves to compel answers to Interrogatories 10, 24, and 25. (D.I. 94)

8. The Court previously addressed many of the DOC's answers to the interrogatories and found them adequate. Plaintiff could have sought to compel answers to Interrogatories 10, 24, and 25 in his second motion to compel filed on January 26, 2017. (D.I. 44) He did not. Nor did he file the instant motion to compel until May 17, 2018, one year after the expiration of the discovery deadline. Courts have determined that "[m]otions to compel filed after the discovery deadline are untimely prohibited, absent good cause." *Zimmerman v. Edwin A. Abrahamsen & Associates, P.C.*, 2017 WL 3701827, at *4 (M.D. Pa. Aug. 28, 2017). Plaintiff provides no reason for the delay in filing the motion. Therefore, the Court will deny the motion as duplicative and untimely. (D.I. 94)

9. Plaintiff moves to compel answers to interrogatories propounded upon Defendant Roxanne Kinlock ("Kinlock") on April 10, 2018. (See D.I. 85, 95) Plaintiff sought discovery from Kinlock long after the expiration of the discovery deadline and, when there was no response, filed a motion to compel. The interrogatories were untimely served upon Kinlock, and she was not required to respond to them. Therefore, the Court will deny the motion to compel. (D.I. 95)

10. **Motion for Amended Scheduling Order.** Plaintiff moves to revise the "Briefing or Scheduling Order." (D.I. 98) As mentioned above, all deadlines have

4

passed. Currently pending motion is a motion for summary judgment filed by State Defendants. The Court will deny Plaintiff's motion without prejudice to renew, following a ruling on the dispositive motion. (D.I. 98)

/s/ Colm F. Connolly
UNITED STATES DISTRICT JUDGE

September 26, 2018
Wilmington, Delaware