IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 15-1184-CFC<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

At Wilmington, this 29th day of October, 2018, having considered Plaintiff's motion for preliminary injunction and temporary restraining order (D.I. 99);

IT IS ORDERED that the motion (D.I. 99) is **denied**, for the reasons that follow:

Plaintiff, Robert Saunders ("Saunders"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On September 24, 2018, Saunders filed a motion for injunctive relief with a supporting memorandum. (D.I. 99, 100) Therein, he seeks an order halting Defendants from permitting clinicians from providing medical care outside their areas of expertise and for Defendants to immediately hire physicians for the infirmary and general inmate population. Defendants oppose the motion. (D.I. 107)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party;

1

and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Defendants oppose the motion on the grounds that Plaintiff has failed to prove any of the requisites to obtain injunctive relief including that he has not shown he is likely to succeed on the merits, the evidence shows that Plaintiff receives treatment for his medical conditions, and Plaintiff has failed to show that any state employees have acted with deliberate indifference to any serious risk of harm.

While not clear, Plaintiff seems to complain that he is not being seen by a physician, physicians are providing care outside of what Plaintiff deems is their area of expertise, or that the VCC is not adequately staffed with physicians. There is no indication, however, that Plaintiff is not receiving medical care. Indeed, he indicates that inmates are provided treatment by nurse practitioners and physician assistants.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care but believes that more should be done

by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the current record, the Court finds that Plaintiff has not demonstrated the likelihood of success on the merits. Because Plaintiff has failed to show the likelihood of success on the merits, his motion for injunctive relief will be denied.

_____
UNITED STATES DISTRICT JUDGE